IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

K2 GROUP, INC.,

     Plaintiff,

  v.

K2 GROUP, INC.

and

KURT S. KUSHNER,

     Defendants.

CIVIL ACTION NO. ____

**Jury Trial Demanded**

## COMPLAINT

Plaintiff K2 Group, Inc. ("K2 Group"), by counsel, for its Complaint against K2 Group, Inc. ("K2 Indiana") and Kurt S. Kushner (collectively, "Defendants") alleges as follows:

## PARTIES

1.     Plaintiff K2 Group, Inc. is a corporation organized and existing under the laws of the state of Virginia with its principal place of business at 8821 Old Courthouse Road, Suite 204, Vienna, Virginia 22182.

2.     On information and belief, Defendant K2 Group, Inc. is a corporation organized and existing under the laws of the state of Indiana with a principal place of business at 992 Box Turtle Ct., Columbus, Indiana 47201.

3.     On information and belief, Defendant Kurt S. Kushner is a citizen of the State of Indiana, residing at 992 Box Turtle Ct., Columbus, Indiana 47201.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C.

1

§ 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question jurisdiction);

28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); and 28 U.S.C. § 1367

(supplemental jurisdiction).

5.     This Court has personal jurisdiction over Defendants as, on information and

belief, Defendants conduct business in this judicial district; Defendants' infringing services

complained of herein are offered within this judicial district; and Defendants have caused harm

to K2 Group within this judicial district.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2)

because, on information and belief, Defendants regularly conduct business within this judicial

district.  Furthermore, Defendants' activities have caused harm to K2 Group in this district and

the Lanham Act provides that venue lies in the place of harm to the plaintiff.

## GENERAL ALLEGATIONS

### K2 Group and its Trademark Rights in K2 GROUP

7.     K2 Group was founded in 2004 as a Service-Disabled, Veteran-Owned Small

Business ("SDVOSB") by Kevin Kotowski, an experienced Special Forces operator who holds

an advanced degree in information security.  K2 Group's mission is to leverage the technical

thinking and operational mindset of its employees to assist in ensuring the safety and security of

the United States.

8.     To that end, K2 Group provides a wide array of services to government agencies

and others, including, but not limited to, consulting services in the fields of cybersecurity,

information assurance, homeland safety and security, CBRNE and counter-IED defense, critical

infrastructure protection services, analytical and operational mission support services,

information security services, and personnel training and placement services (the "K2 Group

Services").

9.      K2 Group has continuously provided the K2 Group Services under the trademarks K2 GROUP® and K2 GROUP INC.® (collectively, the "K2 GROUP Marks") since at least as early as April 24, 2007.

10.      K2 Group's customers include, but are not limited to: the Army Intelligence & Security Command, the Department of the Army Asymmetric Warfare Group, the Department of Homeland Security, the Defense Intelligence Agency, the Department of State, the Defense Threat Reduction Agency, the Department of the Air Force, the Department of the Army, the Department of the Navy, the Joint Improvised-Threat Defeat Agency, the Department of Defense, and Special Operations Command.

11.      K2 Group owns U.S. Registration No. 4,531,522 for K2 GROUP for "Consultation services concerning homeland safety and security issues" in International Class 45.  The application to register the K2 GROUP mark as shown in Registration No. 4,531,522 was filed on July 28, 2011, with a claimed first use date of March 1, 2007 and a claimed first use-in-commerce date of March 23, 2007.  Attached hereto as **Exhibit A** is a true and correct copy of the registration certificate for U.S. Registration No. 4,531,522.

12.      K2 Group also owns U.S. Registration No. 4,958,055 for K2 GROUP INC. for "Business consultation in the field of government contracting in the field of national defense; personnel placement services, namely, providing personnel to clients for the purpose of helping with planning, coordination, integration, management, logistical and security functions as related to cyber security" in International Class 35, for "Educational services, namely, classes, seminars, and workshops in the field of security operations, personal security and cyber security; homeland defense services, namely, providing critical infrastructure support services, namely, developing,

coordinating, and conducting security training for government personnel assigned at various facilities considered critical to the national infrastructure" in International Class 41, for "Research and development of technology in the fields of homeland safety and security issues" in International Cass 42, and for "Information security and information operations, namely, the conducting of threat and vulnerability analysis of cellular telephone communications, wireless and Internet communications as related to protecting public safety; consulting services in the field of security, national defense related operational support and analysis; Consulting services in the field of national defense, homeland safety and security, namely, assist government clients to analyze requirements and capabilities for applicability and effectiveness in support of current and future efforts in the field of national defense, homeland safety and security issues; develop and implement Tactics, Techniques, and Procedures (TTPs), Standard Operating Procedures (SOPs) that counter various threats to facility operations; safety risk and threat analysis for protecting public safety" in International Class 45.  The application to register the K2 GROUP INC. mark as shown in Registration No. 4,958,055 was filed on December 14, 2012, with a claimed first use and first use-in-commerce date of April 24, 2007.  Attached hereto as **Exhibit B** is a true and correct copy of the registration certificate for U.S. Registration No. 4,958,055.

13.     Through its continuous, extensive, and substantially exclusive use and promotion of the K2 GROUP Marks, K2 Group also owns significant common law rights in the K2 GROUP Marks, which are not limited to the services for which the K2 GROUP and K2 GROUP INC. marks are registered.

14.     As a result of K2 Group's expenditures and efforts, the K2 GROUP Marks have come to signify the high quality of the K2 Group Services.  The K2 GROUP Marks have incalculable reputation and goodwill, belonging exclusively to K2 Group.

4

**Defendants' Business and Wrongful Conduct**

15.     Kurt S. Kushner, as President of "K2 Group Inc. (a corporation) with an address

of 42717 Woodward Ave, Bloomfield Hills, Michigan 48304" signed a co-existence agreement

(the "Co-Existence Agreement") with "K2 Group, Inc. (a corporation) with an address of 8221

Old Courthouse Road, Suite 204, Vienna, VA 22182."  The effective date of the Co-Existence

Agreement is August 3, 2015.  Attached hereto as **Exhibit C** is a true and correct copy of the Co-

Existence Agreement.

16.     The Co-Existence Agreement states: "[t]he parties want to enter into a co-

existence agreement concerning their respective use and/or trademarks and/or trade names of K2

GROUP INC., and to settle the dispute between them relating to such uses."  As evidenced by

this statement, the Co-Existence Agreement was meant to resolve a previous dispute between K2

Group, K2 Indiana, and Mr. Kushner regarding the use of K2 GROUP and substantially similar

trademarks.

17.     Section 2 of the Co-Existence Agreement provides:

"(2) K2 Michigan[1] undertakes that is shall not directly or indirectly use a K2 (or
confusingly similar term) trademark, trade name or other use in connection with:

    iv.    government contracts;
    v.    government consulting;
    vi.    national security/public safety consulting;
    vii.    cybersecurity;
    viii.    information operations related to the services described in
        subsections iv, v, vi, vii or ix of this Section 2; or
    ix.    intelligence/counterintelligence.

and shall not make any trademark application, corporate or governmental filing in
connection with such services under or with any K2 Group name, trade name,
trademark or designation."

18.     Despite the restrictions in Section 2 of the Co-Existence Agreement, Defendants

---

[1] K2 Indiana is identified as "K2 Michigan" in the Co-Existence Agreement.

sf-3971944

have made a number of "corporate or governmental filing[s] in connection with [the specified] services under or with" the K2 Group name.

19.     K2 Indiana is currently registered with the Federal Government's System for Award Management ("SAM") using the name K2 Group, Inc.  SAM is a centralized database used for a number of government processes, including procurement.  Attached hereto as **Exhibit D** is a print-out of the SAM database information for K2 Indiana.

20.     K2 Indiana is also currently registered as a SDVOSB with the U.S. Department of Veterans Affairs using the name K2 Group Inc.  Attached hereto as **Exhibit E** is a print-out of the U.S. Department of Veterans Affairs database information for K2 Indiana.

21.     K2 Indiana is also currently registered with the U.S. Small Business Administration using the name K2 Group, Inc.  Attached hereto as **Exhibit F** is a print-out of the U.S. Small Business Administration database information for K2 Indiana.

22.     K2 Indiana is also currently registered with Dun & Bradstreet using the name K2 Group, Inc.  While Dun & Bradstreet is a private entity, many government agencies use Dun & Bradstreet as an informational database when reviewing contractors, such that Dun & Bradstreet serves as a direct link to companies conducting business with U.S. federal and state governments.  For example, the Federal Government's SAM previously described above retrieves information regarding companies conducting business with government agencies directly from the Dun & Bradstreet portal.  Additionally, K2 Indiana's own Dun & Bradstreet profile states that it "[s]ells to commercial concerns and government. Territory : United States." Attached hereto as **Exhibit G** is a print-out of the Dun & Bradstreet database information for K2 Indiana.

23.     Each of the "K2 Group" registrations listed above violates the terms of the Co-

Existence Agreement.  Namely, these registrations violate the provision that K2 Indiana "shall not make any trademark application, *corporate or government filing* in connection with [the services specified in Section 2] under or with any K2 Group name, trade name, trademark or designation."

24.    K2 Indiana was not registered with the corporate and government organizations listed above prior to the effective date of the Co-Existence Agreement.  Defendants made these registrations after the effective date of the Co-Existence Agreement and in full knowledge of the provisions contained in the Co-Existence Agreement.

25.    Additionally, K2 Indiana's Dun & Bradstreet profile lists www.k2groupinc.net as its website.  This website does not belong to K2 Indiana, but was specifically transferred to K2 Group as provided in Section 4 of the Co-Existence Agreement: "At the end of the Phase Out Period, all of the above Domain Names [including k2groupinc.net] owned by K2 Michigan shall be transferred to K2 Group."  K2 Indiana's use of this website for its Dun & Bradstreet profile is in further violation of the provision in the Co-Existence Agreement that "[d]uring or after the Phase Out Period, K2 Michigan shall not secure, directly or indirectly, or otherwise own, license or *use* any other domain name that includes or incorporates K2 and GROUP."

26.    On information and belief, Defendants also continue to use trademark and trade names incorporating "K2" in connection with the services listed in Section 2 of the Co-Existence Agreement.

27.    This use also violates the terms of the Co-Existence Agreement, namely, the provision that K2 Indiana "shall not directly or indirectly use a K2 (or confusingly similar term) trademark, trade name or other use in connection with [the services specified in Section 2]."

28.    On information and belief, Defendants provide government consulting services

and personnel placement services, as well as related services ("Defendants' Services") under trademarks comprising or substantially similar to K2 GROUP (collectively, the "Infringing K2 GROUP Marks").  These services are of the same nature as the K2 Group Services offered under the K2 GROUP Marks and compete directly with those services.

29.     On information and belief, and as evidenced by the Co-Existence Agreement, Defendants have been aware of the K2 GROUP Marks and the K2 Group Services since prior to August 2015.

30.     On information and belief, and as evidenced by the "K2 Group" registrations listed above and the statement in K2 Indiana's Dun & Bradstreet profile that it "[s]ells to commercial concerns and government. Territory : United States," Defendants provide Defendants' Services to government entities, to which K2 Group markets the K2 Group Services.  On information and belief, Defendants also market these services through channels of trade that overlap with those where the K2 Group Services are offered.

31.     On information and belief, Defendants have intentionally traded on the goodwill associated with K2 Group's K2 GROUP Marks by marketing and providing similar and competing services under the Infringing K2 GROUP Marks.

32.     On information and belief, Defendants did not begin providing services under the Defendants' Infringing Marks until well after K2 Group first provided the K2 Group Services under the K2 GROUP Marks.

33.     K2 Group has not authorized, licensed, or otherwise endorsed Defendants' use of marks that are confusingly similar to K2 Group's K2 GROUP Marks.  In fact, K2 Indiana entered into an agreement with K2 Group that expressly prohibits Defendants' conduct.

34.     Defendants' use and promotion of identical or nearly identical marks in

8

connection with services that compete with the K2 Group Services has caused and is likely to continue to cause confusion as to the source, affiliation, or sponsorship of Defendants' Services. Defendants' use of identical or nearly identical marks for substantially similar services falsely suggests to consumers that Defendants and Defendants' Services are affiliated with or sponsored by K2 Group, or that Defendants' Services offered under Defendants' Infringing Marks come from the same source as K2 Group's K2 Group Services.

35.     On September 17, 2018, K2 Group sent a cease-and-desist letter to Mr. Kushner, as President of K2 Indiana, regarding Defendants' use of the Infringing K2 GROUP Marks and "K2 Group" registrations in breach of the Co-Existence Agreement.  After receiving a response from Mr. Kushner directing it to send correspondence to counsel for Mr. Kushner, K2 Group sent a second cease-and-desist letter to counsel for Mr. Kushner on September 20, 2018.  Despite correspondence and several telephone calls with counsel for Mr. Kushner, Defendants have not remedied their breach of the Co-Existence Agreement nor ceased their infringing activity.

36.     Defendants' conduct is ongoing and will continue unless restrained by the Court. Unless Defendants are enjoined from engaging in the wrongful conduct described above, K2 Group will suffer irreparable harm, including through loss of goodwill, reputation, market share, and revenue.

37.     K2 Group has no adequate remedy at law for the irreparable harm that it is likely to suffer from loss of control of its K2 GROUP Marks and association with Defendants.

## COUNT I
## Federal Trademark Infringement
### (15 U.S.C. § 1114)

38.     K2 Group hereby realleges and incorporates by reference each and every preceding paragraph of this Complaint as if set forth herein.

9

39. The acts of Defendants described above constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

40. K2 Group has valid and protectable registered rights in the K2 GROUP and K2 GROUP INC. marks. K2 Group has used the K2 GROUP and K2 GROUP INC. marks since at least as early as 2007. These rights pre-date Defendants' first use of the Infringing K2 GROUP Marks.

41. Defendants had actual knowledge of K2 Group's ownership and use of the K2 GROUP and K2 GROUP INC. marks at least as early as August 3, 2015, the date of the Co-Existence Agreement.

42. On information and belief, Defendants use and have continued to use the Infringing K2 GROUP Marks for government consulting services and other related services despite agreeing not to do so.

43. Defendants' unauthorized use of the Infringing K2 GROUP Marks as alleged above is likely to cause confusion, mistake, or deception on the part of consumers as to the source, affiliation, or sponsorship of the services Defendants are offering under the Infringing K2 GROUP Marks, constituting trademark infringement in violation of 15 U.S.C. § 1114.

44. As a direct and proximate result of Defendant's wrongful conduct, K2 Group has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless Defendants are enjoined, K2 Group will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which K2 Group has no adequate remedy at law.

45. On information and belief, Defendants have acted willfully to usurp K2 Group's rights, and should be held liable to K2 Group for treble damages and attorneys' fees pursuant to

sf-3971944

15 U.S.C. § 1117(a).

## COUNT II
## False Designation of Origin
## (15 U.S.C. § 1125(a))

46.     K2 Group hereby realleges and incorporates by reference each and every preceding paragraph of this Complaint as if set forth herein.

47.     The acts of Defendants described above constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.     K2 Group has valid and protectable registered rights in the K2 GROUP and K2 GROUP INC. marks.  K2 Group has used the K2 GROUP and K2 GROUP INC. marks since at least as early as 2007.  These rights pre-date Defendants' first use of the Infringing K2 GROUP Marks.

49.     Defendants had actual knowledge of K2 Group's ownership and use of the K2 GROUP and K2 GROUP INC. marks at least as early as August 3, 2015, the date of the Co-Existence Agreement.

50.     Defendants' unauthorized use of the Infringing K2 GROUP Marks as alleged above is likely to cause consumers to believe that Defendants are affiliated with or sponsored by K2 Group, or that Defendants' Services come from the same source as the K2 Group Services.  Such association constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

51.     As a direct and proximate result of Defendants' wrongful conduct, K2 Group has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless Defendants are enjoined, K2 Group will suffer further harm to its name, reputation, and goodwill.  This harm constitutes an injury for which K2 Group has no adequate remedy at law.

sf-3971944

52.     On information and belief, Defendants have acted willfully to usurp K2 Group's rights, with full knowledge of and intent to cause harm to K2 Group, and Defendants should be held liable to K2 Group for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT III
## Breach of Contract
## (Virginia Common Law)

53.     K2 Group hereby realleges and incorporates by reference each and every preceding paragraph of this Complaint as if set forth herein.

54.     The Co-Existence Agreement is a valid and enforceable contract entered into for good and valuable consideration.

55.     K2 Group has at all times fully performed its obligations under the Co-Existence Agreement.

56.     Defendants breached the Co-Existence Agreement by making a number of corporate and governmental filings in connection with the services listed in Section 2 of the Co-Existence Agreement, including, but not limited to, filings with the SAM, the U.S. Department of Veteran's Affairs, the U.S. Small Business Association, and Dun & Bradstreet.

57.     On information and belief, Defendants have also breached the Co-Existence Agreement by using trademarks and trade names incorporating "K2" in connection with the services listed in Section 2 of the Co-Existence Agreement.

58.     Defendants' breaches of the Co-Existence Agreement are willful.

59.     As a direct and proximate result of Defendants' breach of the Co-Existence Agreement, K2 Group has suffered direct and consequential damages, and is entitled to recover compensatory damages in an amount to be determined at trial.

60.     As a direct and proximate result of Defendants' breach of the Co-Existence

12

Agreement, K2 Group has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless Defendants are enjoined, K2 Group will suffer further harm to its name, reputation, and goodwill.  This harm constitutes an injury for which K2 Group has no adequate remedy at law.

## JURY DEMAND

K2 Group hereby demands a trial by jury on all issues upon which a trial by jury may be had.

## PRAYER FOR RELIEF

WHEREFORE, K2 Group prays that the Court enter an Order:

A.      Adjudging that Defendants are committing trademark infringement and false designation of origin under 15 U.S.C. §§ 1114 and 1125(a);

B.      Adjudging that Defendants have breached and continue to breach the Co-Existence Agreement;

C.      Enjoining Defendants and their officers, agents, servants, employees, attorneys, and assigns, and all persons in active concert or participation with any of them, from (a) using the marks K2 and K2 GROUP, or any other designation confusingly similar to K2 Group's K2 GROUP Marks; (b) doing any act or thing calculated or likely to cause confusion, mistake, or deception of actual or prospective consumers as to the source, affiliation, or sponsorship of the services offered or provided by Defendants; (c) otherwise competing unfairly with K2 Group in any manner; or (d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in parts (a) through (c) of this paragraph;

D.     Requiring Defendants to file with this Court and to serve on K2 Group, within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E.     Requiring Defendants to provide a complete accounting to K2 Group for any and all profits realized from the sale of Defendants' Services under the Infringing K2 GROUP Marks from inception of the Infringing K2 GROUP Marks up through the date of the injunction;

F.     Requiring Defendants, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or to show proof of said destruction or sufficient modification to eliminate the infringing matter, all catalogs, articles, products, displays, labels, circulars, letterhead, business cards, promotional items, clothing, literature, or other matter in the possession, custody, or under the control of Defendants or their agents bearing or displaying in any manner the K2 or K2 GROUP mark or any other designation confusingly similar to K2 Group's K2 GROUP Marks in connection with the K2 Group Services;

G.     Awarding K2 Group its actual compensatory damages, including but not limited to Defendants' profits and K2 Group's damages, in an amount to be determined at trial;

H.     Awarding K2 Group treble damages pursuant to 15 U.S.C. § 1117 for Defendants' knowing, intentional and willful violations of federal law;

I.     As this is an exceptional case, pursuant to 15 U.S.C. § 1117(a), awarding K2 Group its costs and attorneys' fees; and

J.     Awarding to K2 Group such other and further relief as this Court deems just and proper.


Respectfully Submitted,

sf-3971944

_____   /s/   _____
Justin E. Fairfax (VSB # 72113)
MORRISON & FOERSTER LLP
1650 Tysons Boulevard, Suite 400
McLean, VA 22102-4220
Telephone: (703) 760-7752
Facsimile:  (703) 760-7777
*JFairfax@mofo.com*

Catherine L. Chapple (VSB # 85954)
MORRISON & FOERSTER LLP
1650 Tysons Boulevard, Suite 400
McLean, VA 22102-4220
Telephone: (703) 760-7729
Facsimile:  (703) 760-7777
*CChapple@mofo.com*

Jennifer Lee Taylor *(for pro hac vice admission)*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
*JTaylor@mofo.com*
*Counsel for K2 Group, Inc.*

15